ACCEPTED
03-14-00812-CV
4579155
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/20/2015 12:21:58 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-14-00812-CV

IN THE COURT OF APPEALS
FOR THE
3RD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/20/2015 12:21:58 PM
JEFFREY D. KYLE
Clerk

---

BOBBIE WHITE,
Appellant,

VS.

JOSEFINO BENCOMO III,
Appellee

---

**APPELLANT'S BRIEF**

From the District Court, 26th Judicial District
of Williamson County, Texas
Trial Court Cause No. 14-0374-C26,
The Honorable Donna King, Judge

---

*/s/ Tony Pitts*

_____

Tony Pitts
State Bar No. 24060429

Law Office of Tony A. Pitts
P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355 (Fax)
tapitts@taplawfirm.com

ATTORNEY FOR APPELLANT

# I.

# IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties and all counsel in this matter:

Appellant in this matter is Bobbie White.   The attorney representing

Appellant is:

Tony A. Pitts, Esq.
Law Office of Tony A. Pitts
P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355 (Fax)
tapitts@taplawfirm.com

Appellee in this matter is Josefino Bencomo III.  The attorneys representing

Appellee are:

Fred Walker
Kimberly Nash
Fred E. Walker, P.C.
609 Castle Ridge Road, Ste. 220
Austin, TX 78746
512.330.9977
512.330.1686 (Fax)
fred@fredwalker.com
knash@fredwalker.com

## II.

## TABLE OF CONTENTS

I. IDENTITY OF PARTIES AND COUNSEL  ………...…………... ii

II. TABLE OF CONTENTS  ………………..…………iii

III. INDEX OF AUTHORITIES  …………………………. iv

IV. STATEMENT OF THE CASE  …………………………..… 1

V. STATEMENT REGARDING ORAL ARGUMENT  ……………… 2

VI. ISSUES PRESENTED  ……………………… 2

VII. STATEMENT OF THE FACTS  ……………………… 3

VIII. SUMMARY OF THE ARGUMENT  ……………………… 5

VIII. ARGUMENT AND AUTHORITIES  ……………………… 5

    A. *The Warranty Deed with Vendor's Lien Keeps the Contract Executory.* …..…………………………5

    B. *The Deed of Trust Did Not Cure the Contract of Being Executory…* 7

    C. *Appellee's Interpretation of Subchapter D Undermines Its Intended Purpose.* …………………………… 9

    D. *The Trial Court Ordered Relief Not Requested in Appellee's Motion* ………………………...…10

IX. PRAYER  …………………………...11

X. CERTIFICATE OF COMPLIANCE  …………………………...12

XI. VERIFICATION  …………………………...12

XII. CERTIFICATE OF SERVICE  ……………..…………… 13

XIII. APPENDIX  ………..………………... 14

# III.

# INDEX OF AUTHORITIES

A.   <u>TEXAS STATUTES</u>

Tex. Prop. Code § 5.062 …………………………………………… 1

Tex. Prop. Code § 5.063 – 5.066 ………………………………….. 9

Tex. Prop. Code § 5.069 ………………………………………….10

Tex. Prop. Code § 5.077 ………………………………………….. 1

Tex. Prop. Code § 5.081 ………………………………………….. 8

B.   <u>TEXAS CASE LAW</u>

*Norton v. Norton*, No. 07-08-0469-CV, at *4 (Tex.App.—Amarillo 2010, mem. op.). ……………………………… 5

*Cowden v. Bell*, 293 S.W.2d 611, 614 (Tex.App.—San Antonio 1956), aff'd 300 S.W.2d 286 (Tex. 1957). …………………..………. 6

*Zapata v. Torres*, 464 S.W.2d 926, 928 (Tex.App.—Dallas 1971, no pet.)………. 6

*Walton v. First Nat'l Bank of Trenton*, 956 S.W.2d 647, 651 (Tex.App.—Texarkana 1997, writ denied). ……..………………… 6

*Shook v. Walden*, 368 S.W.3d 604, 624 (Tex.App.—Austin 2012, writ denied)…. 6

*Riner v. Newman,* 353 S.W.3d 312, 318 (Tex.App.—Dallas 2011, no pet.) ……... 7

*Flores v. Millenium Interests, Ltd.*, 185 S.W.3d 427, 435 (Tex. 2005) ……………7

*Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 325 S.W.3d 265, 270 (Tex.App.—Houston [14th Dist.] 2011, pet. dismissed). ……...……..… 10

*G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011)…………..…… 10

# IV.

## STATEMENT OF THE CASE

This case involves a pure question of law concerning Subchapter D of the Texas Property Code. There are no material facts in dispute between the parties, not even as to damages claimed.

It is uncontested that Appellant and Appellee were parties to a real estate transaction that had all the characteristics of an executory contract for conveyance of real property as defined under Tex. Prop. Code § 5.062. The parties, however, disagreed as to whether a Warranty Deed with Vendor's Lien wherein superior title to the subject property was retained, coupled with a Deed of Trust, caused the executory contract for conveyance to no longer be executory.

After hearing competing motions for summary judgment, the trial court ruled in favor of Appellee, finding that a Warranty Deed with Vendor's Lien and Deed of Trust did operate to make the executory contract no longer executory. Appellant contends that the Court's ruling in this regard is erroneous, unsupported by the law, and threatening of the important policy considerations underlying Subchapter D.

Appellant respectfully requests that this Court reverse the trial court ruling, and render judgment in favor of Appellant for the relief requested in her summary judgment motion, including an award of damages under Tex. Prop. Code § 5.077.

1

# V.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is not specifically requesting oral argument. However, oral argument may aid the Court's decisional process by providing the Court with an appreciation of the parties' conflicting interpretations of Subchapter D of the Texas Property Code, and the important policy considerations behind it, as they pertain to this particular set of facts.

# VI.

## ISSUES PRESENTED

Does a warranty deed with vendor's lien convey sufficient title to bring an executory contract for conveyance of real property out from under the applicability of Subchapter D of the Texas Property Code?

If not, does Appellee have an obligation to comply with the provisions of Subchapter D of the Texas Property Code in his dealings with Appellant, and is she entitled to damages under Tex. Prop. Code § 5.077 for his past failure to do so?

# VII.

## STATEMENT OF FACTS[1]

7.1    Mrs. White and her husband, George White, purchased the residential real property located at 701 Saunders Dr., Round Rock, TX 78664 (the "House"), from Josefino Bencomo III in November 2001.  The House was to be used as their permanent residence.  The Whites and Bencomo were not related.

7.2    The agreed upon purchase price of the House was $118,000.00.  To purchase the House, the Whites took out a mortgage with Long Beach Mortgage Company for $82,600.00, who acquired a primary purchase money mortgage lien on the House.  This mortgage and its corresponding lien was subsequently assigned to JPMorgan Chase Bank, N.A. ("Chase").  The Whites also executed a Real Estate Lien Note for $35,400.00[2] and Deed of Trust[3] in favor of Bencomo, who obtained a purchase money mortgage lien on the House secondary to Chase's lien.

7.3    Bencomo conveyed the House to the Whites via Warranty Deed with Vendor's Lien[4], wherein he retained superior title to the House over that of the Whites until his lien was satisfied.  The Whites thereafter began paying the purchase money mortgages as agreed.

---

[1] These facts are not disputed.  *See* Exhibit G – Reporter's Official Transcript – Hearing on Motions For Summary Judgment at 9-10; *see also* Plaintiff's Motion for Summ. Judg. at 2-3.
[2] *See* Appendix – Exhibit C.
[3] *See* Appendix – Exhibit D.
[4] *See* Appendix – Exhibit B.

7.4     Mrs. White lost her husband unexpectedly in December 2003. Thereafter, she had considerable difficulty paying the mortgages. Chase worked with Mrs. White to modify its mortgage loan so she and her family could afford to stay in the House. Mrs. White reached out to Bencomo to lower his interest rate as well, but he refused.

7.5     Over the years, and despite several requests, Bencomo never provided Mrs. White with any statements showing the status of her account with him, nor did he give her any mortgage interest statements like those she received from Chase, which she could use as a write-off on her federal income tax return.

7.6     When Mrs. White approached Bencomo about these concerns, she found him unwilling to provide her with annual or mortgage interest statements. Given his refusal to account for her payments or give her mortgage interest statements for her taxes, Mrs. White stopped making payments to Bencomo in 2008. By then, she had already made at least 72 monthly payments to Bencomo.

**VIII.**

**SUMMARY OF THE ARGUMENT**

Appellant argues that a seller's granting of a warranty deed with vendor's lien to a purchaser, which, on its face, is an executory contract for conveyance of real property, does not defeat the applicability of Subchapter D of the Texas Property Code to a real estate transaction described under Tex. Prop. Code § 5.062. Furthermore, to find that it does undermines Subchapter D's important policy considerations and renders the statute ineffective towards serving its intended purpose by permitting a seller to sidestep the duties and responsibilities thereunder imposed for a purchaser's protection.

**IX.**

**ARGUMENTS AND AUTHORITIES**

**A.** **The Warranty Deed With Vendor's Lien Keeps the Contract Executory.**

The Parties do not dispute that Subchapter D applies to contracts for deed, which are clearly executory contracts for conveyance of real property to which Subchapter D was meant to apply. However, a warranty deed with vendor's lien, wherein superior title to the property is retained, has the same legal effect as a contract for deed. *See Norton v. Norton*, No. 07-08-0469-CV, at *4 (Tex.App.— Amarillo 2010, mem. op.). Moreover, a warranty deed with vendor's lien has for

decades been recognized in Texas jurisprudence as an executory sale of real property where title remains in the seller. *Cowden v. Bell*, 293 S.W.2d 611, 614 (Tex.App.—San Antonio 1956), aff'd 300 S.W.2d 286 (Tex. 1957) (reservation of express vendor's lien is an executory sale with title still in vendor); *Zapata v. Torres*, 464 S.W.2d 926, 928 (Tex.App.—Dallas 1971, no writ) (where vendor reserves lien in deed, contract is executory and superior title remains in vendor); *Walton v. First Nat'l Bank of Trenton*, 956 S.W.2d 647, 651 (Tex.App.— Texarkana 1997, writ denied) (superior title is held by vendor with express lien and vendee has mere equitable right to acquire title by carrying out the agreement). Appellee's adverse contention that actual title is conveyed by and through a Warranty Deed With Vendor's Lien is unsupported at law. Rather, as applied to the facts at issue, the law would clearly find that Appellee retained title to the property without the obligation of transference until such time as the note secured by Appellee's lien was fully repaid in installments over a number of years. This is the very definition of an executory contract for conveyance of real property as used by the legislature in Subchapter D of the Texas Property Code. *Shook v. Walden*, 368 S.W.3d 604, 624 (Tex.App.—Austin 2012, writ denied) (legislature contemplated "executory contract" to be synonymous with contract for deed, where a purchaser satisfies a series of obligations over an extended period of time before seller is obligated to transfer title). Therefore, the real estate transaction

between the Parties was unquestionably executory and Subchapter D should apply, as the requisites for applicability under Tex. Prop. Code § 5.062 were met.

**B.      The Deed of Trust Did Not Cure the Transaction of Being Executory.**

Appellee attempts to make the fact that there exists a Deed of Trust between the Parties somehow establish that they have a conventional mortgage relationship, and not an executory one.  This is erroneous for two primary reasons:  1) the Deed of Trust fails to cure the transaction of being executory, since title still has not been conveyed; and 2) almost none of the protections found in a conventional mortgage relationship exist in the relationship between the Parties.  "*Black's Law Dictionary* defines deed of trust as '[a] deed conveying title to real property to a trustee as security until a grantor repays a loan,' and it goes on to remark, 'This type of deed resembles a mortgage.'" *Riner v. Newman*, 353 S.W.3d 312, 318 (Tex.App.—Dallas 2011, no writ).  Texas courts have described a deed of trust more simply as "a mortgage with power to sell on default." *Id.*  A deed of trust empowers the one to whom the property is conveyed in trust to sell and convey the property in a foreclosure sale if the grantor defaults. *Id.* at 319.  Deeds of trust were commonly found in conventional mortgage transactions, where the seller conveyed full title of a subject property to the buyer and the buyer, in turn, conveyed said interest to a trustee, in trust, to secure its loan to the lender. *See Flores v. Millenium Interests, Ltd.*, 185 S.W.3d 427, 435 (Tex. 2005) (Wainwright, J., concurring op.) (observing

in traditional mortgage, legal title is conveyed upon closing). Deeds of trust enabled mortgagees to foreclose by nonjudicial means upon mortgaged property and sell such property at auction if the mortgagor defaulted on the underlying loan. Deeds of trust, therefore, contemplate that the buyer is encumbering full title to the subject property, with nothing remaining in the seller. Indeed, the conveyance of full title to the property from a seller to a purchaser, subject to a deed of trust, is a condition precedent of Tex. Prop. Code § 5.081's provision that an executory contract can be converted in such a way that it is no longer executory. *See* Tex. Prop. Code § 5.081. However, where a seller retains superior title until the debt is paid and actual title is not conveyed to the purchaser, they contract remains incomplete and executory; and it is incongruous to maintain that such a purchaser can encumber title with the making of a deed of trust.

Secondly, in the conventional mortgage industry, the lender was usually a financial institution, such as a bank. Such institutions typically provide their mortgagors with monthly accounting of the status of their loan and, in some cases, even offer deferments. Mortgage assistance and modification programs are also available through banks. Mortgagors participating in this system are generally always aware of the current status of their contractual relationship with their mortgagees. Conversely, Appellee admits that he never provided Appellant with any accounting of the payments she made to him over the first seven (7) years after

8

she purchased the property, despite her repeated requests for accountings. Moreover, after she stopped paying him because he refused to give her any accounting, she heard nothing from him for another five (5) years before he finally made demand and sought to foreclose on the property. Hence, for the majority of its existence, Appellant has been unaware of the status of her contractual relationship with the Appellee. Yet, Appellee maintains that it is a just result that Appellant be accorded fewer rights than those granted to persons protected under Subchapter D of the Texas Property Code, who are entitled to at least entitled to annual accounting of the status of their account under Tex. Prop. Code § 5.077. Appellant contends that Subchapter D was enacted to institute in owner-financing arrangements some of the protections found in the conventional mortgage industry. Indeed, although Appellee is not expected to mirror the thoroughness and frequency of accountings Appellant receives from Chase, he is expected to meet the minimal accounting requirements under § 5.077.

C.     **Appellee's Interpretation of Subchapter D Undermines Its Intended Purpose.**

Recognizing the abuses taking place in the owner-financing industry, particularly in Las Colinas, the Texas Legislature, in enacting Subchapter D, determined to hold owner-sellers to something akin to the standards enjoyed by those in the traditional mortgage industry. It granted those buyers in owner-financing situations the right to notice and an opportunity to cure any default (§§

5.063-65), equity protection (§ 5.066), disclosures from the seller (§ 5.069), and annual statements of account (§ 5.077); items already enjoyed by their conventional mortgage counterparts. If owner-sellers could avoid applicability of Subchapter D by simply having buyers execute a real estate lien note and deed of trust, while still not conveying actual title, the whole purpose of the statute could be easily avoided and Subchapter D rendered meaningless. A court should not adopt a construction of a statutory provision that renders it meaningless. *See Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 325 S.W.3d 265, 270 (Tex.App.—Houston [14th Dist.] 2011, pet. dismissed). By arguing that Subchapter D does not apply to transactions involving real estate lien notes secured by deeds of trust, where title is still withheld pending satisfaction of a series of obligations over an extended period of time, Appellee is espousing a loophole that the statute does not, and this Court should not, recognize.

**D.     The Trial Court Ordered Relief Not Requested in Appellee's Motion.**

Appellant hereby objects to the trial court's ruling to the extent that it grants relief to Appellee that was not requested in his Motion for Summary Judgment on Pleadings. A summary judgment on a claim not addressed in the motion is generally reversible error. *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Specifically, the trial court ordered that the Notice of Lis Pendens that Appellant filed during the pendency of this action is void and of no effect. A

10

finding for this relief was not requested in Appellee's Motion and should not have been ruled upon by the trial court. Appellant therefore requests that this Court reverse this relief and vacate this portion of trial court's summary judgment order.

## X.

## PRAYER

**WHEREFORE,** Appellant prays that this Court reverse the entirety of the trial court's grant of summary judgment to Appellee and render judgment in favor of Appellant on her Motion for Summary Judgment, which includes an award of damages under Tex. Prop. Code § 5.077; and order such other and further relief to which Appellant may be justly entitled.

Respectfully submitted,

LAW OFFICE OF TONY A. PITTS

*/s/ Tony Pitts*

By: _____

Tony Pitts
State Bar No. 24060429

P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355
tapitts@taplawfirm.com

ATTORNEY FOR APPELLANT,
BOBBIE WHITE

11

# XI.

## CERTIFICATE OF COMPLIANCE

I hereby certify that there are 1,961 words in this Appellant's Brief, excluding those words exempted by T.R.A.P. 9.4(i)(1).

/s/ *Tony Pitts*

Tony Pitts

# XII.

## VERIFICATION

I swear under oath that the factual allegations in the Appellant's Brief are supported by competent evidence included in the Appendix.

Tony Pitts

SIGNED under oath before me on March 19 , 2015.

GRACE ALVAREZ
Notary Public, State of Texas
My Commission Expires
April 03, 2015

Notary Public, in and for the State of Texas

12

**XIII.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Petition for Writ of Mandamus was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party, or the attorney for such party, indicated below:

Fred Walker
Kimberly Nash
Fred E. Walker, P.C.
609 Castle Ridge Road, Ste. 220
Austin, TX 78746
512.330.1686 (Fax)
fred@fredwalker.com
knash@fredwalker.com
*Attorneys for Appellee*

*/s/ Tony Pitts*

_____

Tony Pitts

## XIV.

## APPENDIX

Exhibit A:  Final Summary Judgment – being appealed from.

Exhibit B:  Warranty Deed with Vendor's Lien.

Exhibit C:  Real Estate Lien Note.

Exhibit D:  Deed of Trust.

Exhibit E:  Text of Tex Prop. Code §§ 5.062 – 5.066, 5.069, 5.077, and 5.081.

Exhibit F:  Plaintiff's Motion for Summary Judgment.

Exhibit G:  Recorder's Official Transcript – Hearing on Motions for Summary Judgment at 4-5, 9-10.

Exhibit H:  Plaintiff's Motion for Reconsideration.

# EXHIBIT A

FILED
at 2:35 o'clock P M

SEP 2 6 2014

District Clerk, Williamson Co., TX

NO. 14-0374-C26

| | | |
|---|---|---|
| BOBBIE WHITE | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| JOSEPHINO BENCOMO III | § | |
| Defendant. | § | OF WILLIAMSON COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

On August 12, 2014, the Court heard Plaintiff Bobbie White's Motion for Final Summary Judgment and Defendant Josephino Bencomo III's Motion for Summary Judgment on Pleadings. Plaintiff and Defendant both appeared through their respective attorneys of record.

The Court has considered the pleadings and official records on file in this cause, the evidence, and the arguments of counsel. The Court finds (1) there is no genuine issue about any material fact; (2) Plaintiff's Motion for Summary Judgment is not meritorious and should be DENIED; (3) Defendant's Motion for Summary Judgment on the Pleadings is meritorious and should be GRANTED; and (4) Defendant is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment on Pleadings is GRANTED and all claims and causes of action against said Defendant are hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff Bobbie White shall take nothing against Defendant Josephino Bencomo III.

IT IS FURTHER ORDERED the Notice of Lis Pendens filed April 16, 2014 pertaining to the real property described below and recorded as Instrument Number 2014026975 in the Official

Public Records of Williamson County Texas is of not force and effect and is hereby canceled and revoked:

Lot 7, Block "A", of THE SETTLEMENT – SECTION ONE, an addition in and to the City of Round Rock, in Williamson County, Texas, according to the map or plat recorded in Cabinet F, Slides 78-79, Plat Records, Williamson County,, Texas, with a local address of 701 Saunders Drive, Round Rock, Texas 78664.

All relief requested in this case not expressly granted is denied. This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on September 25th, 2014.

DISTRICT JUDGE BILLY RAY STUBBLEFIELD

APPROVED AS TO FORM ONLY:

/s/ Fred E. Walker
Fred E. Walker
Attorney for Defendant Josephino Bencomo
Email: Fred@fredwalkerlaw.com
609 Castle Ridge Road, Suite 220
Austin, TX 78746
Tel. (512) 330-9977
Fax. (512) 330-1686

/s/ Tony A. Pitts
Tony A. Pitts
Attorney for Bobbie White
PO Box 5369
Round Rock, TX 78683
Email: tapitts@taplawfirm.com
Tel. 512-825-5545
Fax. 512-244-4355

# EXHIBIT B

# WARRANTY DEED WITH VENDOR'S LIEN

Date:              November 21, 2001

Grantor: JOSEFINO BENCOMO, III, owning, occupying and claiming other property as homestead

Grantor's Mailing Address (including county):        4229 Boy Scout Lane, El Paso, El Paso County, Texas  79922


Grantee: BOBBIE WHITE and husband, GEORGE WHITE

Grantee's Mailing Address (including county):        701 Saunders Drive, Round Rock, Williamson County, Texas  78664


Consideration:        TEN AND NO/100 DOLLARS ($10.00) and other valuable consideration, and the further consideration of (i) the execution and delivery of Grantee's one certain promissory note dated of even date, in the principal sum of $82,600.00, payable to the order of LONG BEACH MORTGAGE COMPANY, in monthly installments and bearing interest as therein provided, containing the usual clauses providing for acceleration of maturity and for attorney's fees and secured by a first, primary and superior vendor's lien retained in this deed and by a first, primary and superior deed of trust of even date from Grantee to TROY GOTSCHALL, Trustee, and (ii) the execution and delivery of Grantee's one certain promissory note of even date herewith, in the principal sum of $35,400.00, payable to the order of Grantor in monthly installments and bearing interest as therein provided, containing the usual clauses providing for acceleration of maturity and for attorney's fees and secured by a second, subordinate and inferior vendor's lien retained in this deed and by a second, subordinate and inferior deed of trust of even date from Grantee to LARRY MOLINARE, Trustee.


Property (including any improvements):
Lot 7, Block "A", of THE SETTLEMENT - SECTION ONE, an addition in and to the City of Round Rock, in Williamson County, Texas, according to the map or plat thereof recorded in Cabinet F, Slides 78-79, Plat Records, Williamson County, Texas.


Reservations from and Exceptions to Conveyance and Warranty:
This conveyance is expressly made and accepted subject to all valid and subsisting easements, restrictions, reservations, covenants and conditions relating to said Property, to the extent the same are valid and enforceable against said Property, as same are shown by instruments filed of record in the office of the County Clerk of Williamson County, Texas.


Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, GRANTS, SELLS, and CONVEYS to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, TO HAVE AND HOLD it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to WARRANT and forever DEFEND all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.


The Vendor's lien against and superior title to the property are retained until each note described is fully paid

**Warranty Deed with Vendor's Lien**
Page 1 of 2
GF# 01084646/PF/mm/pn


MOVANT'S EXHIBIT
1

according to its terms, at which time this deed shall become absolute. To the extent of $82,600.00, LONG BEACH MORTGAGE COMPANY, at Grantee's request, has paid in cash to Grantor that portion of the purchase price of the property that is evidenced by the $82,600.00 note described above, which note is secured by a vendor's lien on the property, which lien is transferred to that party without recourse on Grantor. It is hereby expressly agreed that the said $35,400.00 note and all liens securing the payment of same are second, subordinate, and inferior to the said $82,600.00 note and all liens securing the payment of same and to any and all renewals and extensions thereof.

By acceptance of this Deed, Grantee assumes payment of all real and personal property taxes on the Property for the year 2001 and subsequent years.

When the context requires, singular nouns and pronouns include the plural.

_____
JOSEFINO BENCOMO, III

THE STATE OF TEXAS §

                §

COUNTY OF EL PASO §

This instrument was acknowledged before me on the 27TH day of November, 2001, by JOSEFINO BENCOMO, III.

**DAVID A. ACUNA**
**NOTARY PUBLIC**
In and for the State of Texas
My commission expires
**07-31-2004**

_____
Notary Public, State of Texas
MY COMMISSION EXPIRES: JULY 31, 2004
DAVID A. ACUNA
(Printed name of Notary)

Return to:
George + Bobbie White
701 Saunders Dr.
Round Rock, TX 78664

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Nancy E. Rister

11-30-2001 03:40 PM 2001088424
ANDERSON $11.00
NANCY E. RISTER ,COUNTY CLERK
WILLIAMSON COUNTY, TEXAS

Warranty Deed with Vendor's Lien
Page 2 of 2
GF# 01084646/PF/mm/pn

**C/H Georgetown Title Co., Inc.**

# EXHIBIT C



# REAL ESTATE LIEN NOTE

Date:          November 21, 2001

Maker:        BOBBIE WHITE and husband, GEORGE WHITE

Maker's Mailing Address (including County):       701 Saunders Drive, Round Rock, Williamson County, Texas 78664

Payee:        JOSEFINO BENCOMO, III

Place for payment (including County):     4229 Boy Scout Lane, El Paso, El Paso County, Texas 79922

Principal Amount:     THIRTY-FIVE THOUSAND FOUR HUNDRED AND NO/100 DOLLARS ($35,400.00)

Annual Interest Rate on Unpaid Principal from date:  Ten percent (10%)

Annual Interest Rate on Matured, Unpaid Amounts:  Eighteen percent (18%)

Terms of Payment (Principal and Interest):   Principal and interest shall be due and payable in monthly installments of Three Hundred Eighty and 41/100 ($380.41) Dollars or more, payable on the 1st day of each and every month, beginning on January 1, 2002, and continuing regularly and monthly thereafter until December 1, 2017, when the entire amount hereof, principal and interest then remaining unpaid, shall be then due and payable; interest being calculated on the unpaid principal to the date of each installment paid and the payment made credited first to the discharge of the interest accrued and the balance to the reduction of the principal.

     Maker reserves the right to prepay this note in any amount at any time prior to maturity without penalty.

     Maker shall pay to Note holder a late charge of five percent (5%) of any monthly installment not received by the Note holder by the eighth (8th) day of each month that an installment is due.

SECURITY FOR PAYMENT:  A Vendor's Lien expressly retained in deed of even date herewith executed by JOSEFINO BENCOMO, III to the Makers hereof upon the herein described real property and is additionally secured by a Deed of Trust to LARRY MOLINARE, Trustee, upon the following described real property, to-wit:
     Lot 7, Block "A", of THE SETTLEMENT - SECTION ONE, an addition in and to the City of Round
     Rock, in Williamson County, Texas, according to the map or plat thereof recorded in Cabinet F, Slides 78-
     79, Plat Records, Williamson County, Texas.

The liens securing the payment of this note shall be and remain secondary and inferior to the liens securing that one certain promissory note in the original principal amount of $82,600.00, dated of even date, executed by BOBBIE WHITE and husband, GEORGE WHITE and payable to the order of LONG BEACH MORTGAGE COMPANY.

     Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.
     If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Payee may declare the unpaid principal balance and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment,



MOVANT'S EXHIBIT

2

presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt, or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Each maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

BOBBIE WHITE

GEORGE WHITE

Real Estate Lien Note
Page 2 of 2
GF# 01084646/PF/mm/pn

# EXHIBIT D

GF: 010846⁴⁶·PF CAO# R.095402    (13) Georgetown Title Company, Inc.

0104937-N

## DEED OF TRUST

Effective Date:    November 21, 2001

Grantor: BOBBIE WHITE and husband, GEORGE WHITE

Grantor's Mailing Address (including county): 701 Saunders Drive, Round Rock, Williamson County, Texas 78664

Trustee: LARRY MOLINARE

Trustee's Mailing Address (including county): 524 N. Lamar Blvd. #200, Austin, Travis County, Texas 78701

Beneficiary:    JOSEFINO BENCOMO, III

Beneficiary's Mailing Address (including county):    4229 Boy Scout Lane, El Paso, El Paso County, Texas 79922

Note(s)

Effective Date:    November 21, 2001

Amount: THIRTY-FIVE THOUSAND FOUR HUNDRED AND NO/100 DOLLARS ($35,400.00)

Maker:    BOBBIE WHITE and husband, GEORGE WHITE

Payee:    JOSEFINO BENCOMO, III

Final Maturity Date:    As stated in said note.

Terms of Payment (optional):    As provided therein.

Property (including any improvements):

Lot 7, Block "A", of THE SETTLEMENT - SECTION ONE, an addition in and to the City of Round Rock, in Williamson County, Texas, according to the map or plat thereof recorded in Cabinet F, Slides 78-79, Plat Records, Williamson County, Texas.

Prior Lien(s) (including recording information): This instrument shall be and remain secondary and inferior to the liens securing the payment of that one certain promissory note in the original principal sum of $82,600.00 dated of even date executed by BOBBIE WHITE and husband, GEORGE WHITE and payable to the order of LONG BEACH MORTGAGE COMPANY, more fully described in a deed of trust filed of record in the Official Public Records of Travis County, Texas, and Grantors expressly covenant and agree that should default be made in the payment of said $82,600.00, or any portion thereof, principal or interest, as the same shall become due and payable, or in any of the covenants of the deed of trust securing the payment thereof, the indebtedness evidenced by the $35,400.00 note hereby secured, at the option of the holder thereof, shall at once become due and payable.

Deed of Trust
Page 1 of 4
GF# 010846⁴⁶/PF/mm/pn

Other Exceptions to Conveyance and Warranty:

> This conveyance is expressly made and accepted subject to all valid and subsisting easements, restrictions, reservations, covenants and conditions relating to said Property, to the extent the same are valid and enforceable against said Property, as same are shown by instruments filed of record in the office of the County Clerk of Williamson County, Texas.

For value received and to secure payment of the note, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property. If Grantor performs all the covenants and pays the Note according to its terms, this Deed of Trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

## Grantor's Obligations

Grantor agrees to:

1. keep the Property in good repair and condition;
2. pay all taxes and assessments on the Property when due;
3. preserve the lien's priority as it is established in this Deed of Trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the Property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration
7. keep any buildings occupied as required by the insurance policy;
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

## Beneficiary's Rights

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the Note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the Note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the Note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this Deed of Trust.
5. If Grantor defaults on the Note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the Note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give

Deed of Trust
Page 2 of 4
GF/ 01084646/PB/mm/pn

> notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
>
> c.     purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note.

## Trustee's Duties

If requested by Beneficiary to foreclose this lien, Trustee shall:

1.     either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;

2.     sell and convey all or part of the Property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and

3.     from the proceeds of the sale, pay, in this order:

    a.     expenses of foreclosure, including a commission to Trustee of 5% of the bid;

    b.     to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.     any amounts required by law to be paid before payment to Grantor; and

    d.     to Grantor, any balance.

## General Provisions

1.     If any of the Property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.     Recitals in any Trustee's deed conveying the Property will be presumed to be true.

3.     Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.     This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the Property is released.

5.     If any portion of the Note cannot be lawfully secured by this Deed of Trust, payments shall be applied first to discharge that portion.

6.     Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the Note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.

7.     Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the Note or this Deed of Trust. Grantor will apply all rent and other income and receipts to payment of the Note and performance of this Deed of Trust, but if the rent and other income and receipts exceed the amount due under the Note and Deed of Trust, Grantor may retain the excess. If Grantor defaults in payment of the Note or performance of this Deed of Trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the Property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the Property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the Note and this Deed of Trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

8.     Interest on the debt secured by this Deed of Trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or

Deed of Trust
Page 3 of 4
GFJ 01084646/PE/mnJpn

permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt; or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.

10. The term *note* includes all sums secured by this Deed of Trust.

11. This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.

13. Grantor represents that this Deed of Trust and the Note are given for the following purposes:

The indebtedness, the payment of which is hereby secured, is in part payment of the purchase price of the above described real property, and is also secured by a vendor's lien thereon retained in deed of even date herewith to the undersigned, and this Deed of Trust is given as additional security for the payment of said indebtedness.

If all or any part of the Property is sold, conveyed, leased for a period longer than three (3) years, leased with an option to purchase, or otherwise sold (including contract for deed), without the prior written consent of Beneficiary, then the Beneficiary may, at his option, declare the outstanding principal balance of the Note, plus accrued interest, to be immediately due and payable. The creation of a subordinate lien, any sale thereunder, any deed under threat or order of condemnation, any conveyance solely between Grantors, the passage of title by reason of the death of a Maker or by operation of law shall not be construed as a sale or conveyance of the Property.

Grantors shall furnish to Beneficiary, before the taxes become delinquent, copies of tax receipts showing that all taxes on the Property have been paid. Grantors shall furnish to Beneficiary annually evidence of current paid-up insurance naming Beneficiary as insured.

_____
BOBBIE WHITE

_____
GEORGE WHITE

THE STATE OF TEXAS §

§

COUNTY OF TRAVIS §

This instrument was acknowledged before me on November 2 7, 2001 by BOBBIE WHITE and husband, GEORGE WHITE.

_____
Notary Public, State of Texas
MY COMMISSION EXPIRES: _____

_____
(printed name of Notary)

PAM FREYDENFELDT
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-01-2004

Return To:
Josefino Bencomo III
4229 Boy Scout. Ln.
El Paso, TX 79922

Deed of Trust
Page 4 of 4
GF# 01024646/PF/mm/pn

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

Nancy E. Rister

11-30-2001 03:40 PM 2001088426
ANDERSON $16.00
NANCY E. RISTER ,COUNTY CLERK
WILLIAMSON COUNTY, TEXAS

C/H Georgetown Title Co., Inc.

# EXHIBIT E

SUBCHAPTER D. EXECUTORY CONTRACT FOR CONVEYANCE

Sec. 5.062. APPLICABILITY. (a) This subchapter applies only to a transaction involving an executory contract for conveyance of real property used or to be used as the purchaser's residence or as the residence of a person related to the purchaser within the second degree by consanguinity or affinity, as determined under Chapter 573, Government Code. For purposes of this subchapter, and only for the purposes of this subchapter:

(1) a lot measuring one acre or less is presumed to be residential property; and

(2) an option to purchase real property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease, is considered an executory contract for conveyance of real property.

(b) This subchapter does not apply to the following transactions under an executory contract:

(1) the sale of state land; or

(2) a sale of land by:

(A) the Veterans' Land Board;

(B) this state or a political subdivision of this state; or

(C) an instrumentality, public corporation, or other entity created to act on behalf of this state or a political subdivision of this state, including an entity created under Chapter 303, 392, or 394, Local Government Code.

(c) This subchapter does not apply to an executory contract that provides for the delivery of a deed from the seller to the purchaser within 180 days of the date of the final execution of the executory contract.

(d) Section 5.066 and Sections 5.068-5.080 do not apply to a transaction involving an executory contract for conveyance if the purchaser of the property:

(1) is related to the seller of the property within the second degree by consanguinity or affinity, as determined under Chapter 573, Government Code; and

(2) has waived the applicability of those sections in a written agreement.

(e) Sections 5.066, 5.067, 5.071, 5.075, 5.081, and 5.082 do not apply to an executory contract described by Subsection (a)(2).

(f)  Notwithstanding any other provision of this subchapter, only the following sections apply to an executory contract described by Subsection (a)(2) if the term of the contract is three years or less and the purchaser and seller, or the purchaser's or seller's assignee, agent, or affiliate, have not been parties to an executory contract to purchase the property covered by the executory contract for longer than three years:

        (1)  Sections 5.063-5.065;

        (2)  Section 5.073, except for Section 5.073(a)(2); and

        (3)  Sections 5.083 and 5.085.

(g)  Except as provided by Subsection (b), if Subsection (f) conflicts with another provision of this subchapter, Subsection (f) prevails.

Added by Acts 1995, 74th Leg., ch. 994, Sec. 3, eff. Sept. 1, 1995.  Renumbered from Property Code Sec. 5.091 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.
Amended by:

        Acts 2005, 79th Leg., Ch. 978 (H.B. 1823), Sec. 2, eff. September 1, 2005.

        Sec. 5.063.  NOTICE.  (a)  Notice under Section 5.064 must be in writing and must be delivered by registered or certified mail, return receipt requested.  The notice must be conspicuous and printed in 14-point boldface type or 14-point uppercase typewritten letters, and must include on a separate page the statement:

NOTICE

YOU ARE NOT COMPLYING WITH THE TERMS OF THE CONTRACT TO BUY YOUR PROPERTY. UNLESS YOU TAKE THE ACTION SPECIFIED IN THIS NOTICE BY (date) THE SELLER HAS THE RIGHT TO TAKE POSSESSION OF YOUR PROPERTY.

(b)  The notice must also:

        (1)  identify and explain the remedy the seller intends to enforce;

        (2)  if the purchaser has failed to make a timely payment, specify:

            (A)  the delinquent amount, itemized into principal and interest;

            (B)  any additional charges claimed, such as late charges or attorney's fees;  and

(C)  the period to which the delinquency and additional charges relate;  and

(3)  if the purchaser has failed to comply with a term of the contract, identify the term violated and the action required to cure the violation.

(c)  Notice by mail is given when it is mailed to the purchaser's residence or place of business. The affidavit of a person knowledgeable of the facts to the effect that notice was given is prima facie evidence of notice in an action involving a subsequent bona fide purchaser for value if the purchaser is not in possession of the real property and if the stated time to avoid the forfeiture has expired.  A bona fide subsequent purchaser for value who relies upon the affidavit under this subsection shall take title free and clear of the contract.

Acts 1983, 68th Leg., p. 3485, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1993, 73rd Leg., ch. 444, Sec. 1, eff. Sept. 1, 1993;  Acts 1995, 74th Leg., ch. 994, Sec. 2, eff. Sept. 1, 1995.  Renumbered from Property Code Sec. 5.062 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.

Sec. 5.064.  SELLER'S REMEDIES ON DEFAULT.  A seller may enforce the remedy of rescission or of forfeiture and acceleration against a purchaser in default under an executory contract for conveyance of real property only if:

(1)  the seller notifies the purchaser of:

(A)  the seller's intent to enforce a remedy under this section; and

(B)  the purchaser's right to cure the default within the 30-day period described by Section 5.065;

(2)  the purchaser fails to cure the default within the 30-day period described by Section 5.065;  and

(3)  Section 5.066 does not apply.

Acts 1983, 68th Leg., p. 3484, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1995, 74th Leg., ch. 994, Sec. 2, eff. Sept. 1, 1995.  Renumbered from Property Code Sec. 5.061 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.  Amended by Acts 2003, 78th Leg., ch. 959, Sec. 1, eff. Sept. 1, 2003.

Sec. 5.065.  RIGHT TO CURE DEFAULT.  Notwithstanding an agreement to the contrary, a purchaser in default under an executory contract for the

conveyance of real property may avoid the enforcement of a remedy described by Section 5.064 by complying with the terms of the contract on or before the 30th day after the date notice is given under that section.

Acts 1983, 68th Leg., p. 3485, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1995, 74th Leg., ch. 994, Sec. 2, eff. Sept. 1, 1995.  Renumbered from Property Code Sec. 5.063 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.  Amended by Acts 2003, 78th Leg., ch. 959, Sec. 2, eff. Sept. 1, 2003.

Sec. 5.066.  EQUITY PROTECTION;  SALE OF PROPERTY.  (a)  If a purchaser defaults after the purchaser has paid 40 percent or more of the amount due or the equivalent of 48 monthly payments under the executory contract, the seller is granted the power to sell, through a trustee designated by the seller, the purchaser's interest in the property as provided by this section.  The seller may not enforce the remedy of rescission or of forfeiture and acceleration.

(b)  The seller shall notify a purchaser of a default under the contract and allow the purchaser at least 60 days after the date notice is given to cure the default.  The notice must be provided as prescribed by Section 5.063 except that the notice must substitute the following statement:

NOTICE

YOU ARE NOT COMPLYING WITH THE TERMS OF THE CONTRACT TO BUY YOUR PROPERTY. UNLESS YOU TAKE THE ACTION SPECIFIED IN THIS NOTICE BY (date) A TRUSTEE DESIGNATED BY THE SELLER HAS THE RIGHT TO SELL YOUR PROPERTY AT A PUBLIC AUCTION.

(c)  The trustee or a substitute trustee designated by the seller must post, file, and serve a notice of sale and the county clerk shall record and maintain the notice of sale as prescribed by Section 51.002.  A notice of sale is not valid unless it is given after the period to cure has expired.

(d)  The trustee or a substitute trustee designated by the seller must conduct the sale as prescribed by Section 51.002.  The seller must:

(1)  convey to a purchaser at a sale conducted under this section fee simple title to the real property;  and

(2)  warrant that the property is free from any encumbrance.

(e)  The remaining balance of the amount due under the executory contract is the debt for purposes of a sale under this section.  If the proceeds of the sale

exceed the debt amount, the seller shall disburse the excess funds to the purchaser under the executory contract.  If the proceeds of the sale are insufficient to extinguish the debt amount, the seller's right to recover the resulting deficiency is subject to Sections 51.003, 51.004, and 51.005 unless a provision of the executory contract releases the purchaser under the contract from liability.

(f)  The affidavit of a person knowledgeable of the facts that states that the notice was given and the sale was conducted as provided by this section is prima facie evidence of those facts. A purchaser for value who relies on an affidavit under this subsection acquires title to the property free and clear of the executory contract.

(g)  If a purchaser defaults before the purchaser has paid 40 percent of the amount due or the equivalent of 48 monthly payments under the executory contract, the seller may enforce the remedy of rescission or of forfeiture and acceleration of the indebtedness if the seller complies with the notice requirements of Sections 5.063 and 5.064.

Added by Acts 1995, 74th Leg., ch. 994, Sec. 3, eff. Sept. 1, 1995.  Renumbered from Property Code Sec. 5.101 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.

Sec. 5.069.  SELLER'S DISCLOSURE OF PROPERTY CONDITION.  (a) Before an executory contract is signed by the purchaser, the seller shall provide the purchaser with:

(1)  a survey, which was completed within the past year, or plat of a current survey of the real property;

(2)  a legible copy of any document that describes an encumbrance or other claim, including a restrictive covenant or easement, that affects title to the real property;  and

(3)  a written notice, which must be attached to the contract, informing the purchaser of the condition of the property that must, at a minimum, be executed by the seller and purchaser and read substantially similar to the following:

WARNING

IF ANY OF THE ITEMS BELOW HAVE NOT BEEN CHECKED, YOU MAY NOT BE ABLE TO LIVE ON THE PROPERTY.

SELLER'S DISCLOSURE NOTICE

CONCERNING THE PROPERTY AT (street address or legal description and city)

THIS DOCUMENT STATES CERTAIN APPLICABLE FACTS ABOUT THE PROPERTY YOU ARE CONSIDERING PURCHASING.

CHECK ALL THE ITEMS THAT ARE APPLICABLE OR TRUE:

\_\_\_\_\_ The property is in a recorded subdivision.

\_\_\_\_\_ The property has water service that provides potable water.

\_\_\_\_\_ The property has sewer service.

\_\_\_\_\_ The property has been approved by the appropriate municipal, county, or state agency for installation of a septic system.

\_\_\_\_\_ The property has electric service.

\_\_\_\_\_ The property is not in a floodplain.

\_\_\_\_\_ The roads to the boundaries of the property are paved and maintained by:

    \_\_\_\_\_ the seller;

    \_\_\_\_\_ the owner of the property on which the road exists;

    \_\_\_\_\_ the municipality;

    \_\_\_\_\_ the county; or

    \_\_\_\_\_ the state.

\_\_\_\_\_ No individual or entity other than the seller:

    (1) owns the property;

    (2) has a claim of ownership to the property; or

    (3) has an interest in the property.

\_\_\_\_\_ No individual or entity has a lien filed against the property.

\_\_\_\_\_ There are no restrictive covenants, easements, or other title exceptions or encumbrances that prohibit construction of a house on the property.

NOTICE: SELLER ADVISES PURCHASER TO:

    (1) OBTAIN A TITLE ABSTRACT OR TITLE COMMITMENT COVERING

    THE PROPERTY AND HAVE THE ABSTRACT OR COMMITMENT REVIEWED

    BY AN ATTORNEY BEFORE SIGNING A CONTRACT OF THIS TYPE; AND

    (2) PURCHASE AN OWNER'S POLICY OF TITLE INSURANCE

    COVERING THE PROPERTY.

_____     _____

(Date)                              (Signature of Seller)


_____     _____

(Date)                              (Signature of Purchaser)

     (b)  If the property is not located in a recorded subdivision, the seller shall provide the purchaser with a separate disclosure form stating that utilities may not be available to the property until the subdivision is recorded as required by law.

     (c)  If the seller advertises property for sale under an executory contract, the advertisement must disclose information regarding the availability of water, sewer, and electric service.

     (d)  The seller's failure to provide information required by this section:

        (1)  is a false, misleading, or deceptive act or practice within the meaning of Section 17.46, Business & Commerce Code, and is actionable in a public or private suit brought under Subchapter E, Chapter 17, Business & Commerce Code;  and

        (2)  entitles the purchaser to cancel and rescind the executory contract and receive a full refund of all payments made to the seller.

     (e)  Subsection (d) does not limit the purchaser's remedy against the seller for other false, misleading, or deceptive acts or practices actionable in a suit brought under Subchapter E, Chapter 17, Business & Commerce Code.

Added by Acts 1995, 74th Leg., ch. 994, Sec. 3, eff. Sept. 1, 1995.  Renumbered from Property Code Sec. 5.094 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.

     Sec. 5.070.  SELLER'S DISCLOSURE OF TAX PAYMENTS AND INSURANCE COVERAGE.  (a)  Before an executory contract is signed by the purchaser, the seller shall provide the purchaser with:

        (1)  a tax certificate from the collector for each taxing unit that collects taxes due on the property as provided by Section 31.08, Tax Code;  and

        (2)  a legible copy of any insurance policy, binder, or other evidence relating to the property that indicates:

(A)  the name of the insurer and the insured;

(B)  a description of the property insured;  and

(C)  the amount for which the property is insured.

(b)  The seller's failure to provide information required by this section:

(1)  is a false, misleading, or deceptive act or practice within the meaning of Section 17.46, Business & Commerce Code, and is actionable in a public or private suit brought under Subchapter E, Chapter 17, Business & Commerce Code;  and

(2)  entitles the purchaser to cancel and rescind the executory contract and receive a full refund of all payments made to the seller.

(c)  Subsection (b) does not limit the purchaser's remedy against the seller for other false, misleading, or deceptive acts or practices actionable in a suit brought under Subchapter E, Chapter 17, Business & Commerce Code.

Added by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.

Sec. 5.077.  ANNUAL ACCOUNTING STATEMENT.  (a)  The seller shall provide the purchaser with an annual statement in January of each year for the term of the executory contract.  If the seller mails the statement to the purchaser, the statement must be postmarked not later than January 31.

(b)  The statement must include the following information:

(1)  the amount paid under the contract;

(2)  the remaining amount owed under the contract;

(3)  the number of payments remaining under the contract;

(4)  the amounts paid to taxing authorities on the purchaser's behalf if collected by the seller;

(5)  the amounts paid to insure the property on the purchaser's behalf if collected by the seller;

(6)  if the property has been damaged and the seller has received insurance proceeds, an accounting of the proceeds applied to the property;  and

(7)  if the seller has changed insurance coverage, a legible copy of the current policy, binder, or other evidence that satisfies the requirements of Section 5.070(a)(2).

(c)  A seller who conducts less than two transactions in a 12-month period under this section who fails to comply with Subsection (a) is liable to the purchaser for:

(1)  liquidated damages in the amount of $100 for each annual statement the seller fails to provide to the purchaser within the time required by Subsection (a); and

(2)  reasonable attorney's fees.

(d)  A seller who conducts two or more transactions in a 12-month period under this section who fails to comply with Subsection (a) is liable to the purchaser for:

(1)  liquidated damages in the amount of $250 a day for each day after January 31 that the seller fails to provide the purchaser with the statement, but not to exceed the fair market value of the property; and

(2)  reasonable attorney's fees.

Added by Acts 1995, 74th Leg., ch. 994, Sec. 3, eff. Sept. 1, 1995. Renumbered from Property Code Sec. 5.100 and amended by Acts 2001, 77th Leg., ch. 693, Sec. 1, eff. Sept. 1, 2001.
Amended by:
Acts 2005, 79th Leg., Ch. 978 (H.B. 1823), Sec. 5, eff. September 1, 2005.

Sec. 5.081.  RIGHT TO CONVERT CONTRACT.  (a)  A purchaser, at any time and without paying penalties or charges of any kind, is entitled to convert the purchaser's interest in property under an executory contract into recorded, legal title in accordance with this section.

(b)  If the purchaser tenders to the seller an amount of money equal to the balance of the total amount owed by the purchaser to the seller under the executory contract, the seller shall transfer to the purchaser recorded, legal title of the property covered by the contract.

(c)  Subject to Subsection (d), if the purchaser delivers to the seller of property covered by an executory contract a promissory note that is equal in amount to the balance of the total amount owed by the purchaser to the seller under the contract and that contains the same interest rate, due dates, and late fees as the contract:

(1)  the seller shall execute a deed containing any warranties required by the contract and conveying to the purchaser recorded, legal title of the property; and

(2)  the purchaser shall simultaneously execute a deed of trust that:

(A)  contains the same terms as the contract regarding the purchaser's and seller's duties concerning the property;

(B)  secures the purchaser's payment and performance under the promissory note and deed of trust; and

(C)  conveys the property to the trustee, in trust, and confers on the trustee the power to sell the property if the purchaser defaults on the promissory note or the terms of the deed of trust.

(d)  On or before the 10th day after the date the seller receives a promissory note under Subsection (c) that substantially complies with that subsection, the seller shall:

(1)  deliver to the purchaser a written explanation that legally justifies why the seller refuses to convert the purchaser's interest into recorded, legal title under Subsection (c); or

(2)  communicate with the purchaser to schedule a mutually agreeable day and time to execute the deed and deed of trust under Subsection (c).

(e)  A seller who violates this section is liable to the purchaser in the same manner and amount as a seller who violates Section 5.079 is liable to a purchaser. This subsection does not limit or affect any other rights or remedies a purchaser has under other law.

(f)  On the last date that all of the conveyances described by Subsections (b) and (c) are executed, the executory contract:

(1)  is considered completed; and

(2)  has no further effect.

(g)  The appropriate use of forms published by the Texas Real Estate Commission for transactions described by this section constitutes compliance with this section.

Added by Acts 2005, 79th Leg., Ch. 978 (H.B. 1823), Sec. 6, eff. September 1, 2005.

# EXHIBIT F

CAUSE NO. 14-0374-C26

| | | |
|---|---|---|
| BOBBIE WHITE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| JOSEFINO BENCOMO III, | § | |
| | § | |
| Defendant. | § | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, in the above-captioned cause, Bobbie White, Plaintiff herein, who files this Motion for Summary Judgment, and would respectfully show the Court as follows:

**I.**

### INTRODUCTION AND SUMMARY OF MOTION

Plaintiff brought suit against the Defendant seeking to set aside Defendant's foreclosure sale of her home, as well as liquidated damages for Defendant's failure to comply with Tex. Prop. Code § 5.077. Because Defendant voluntarily rescinded the foreclosure sale of Plaintiff's home after the temporary injunction hearing in this cause, Plaintiff's suit to quiet title cause of action has been rendered moot. As for Plaintiff's claim that Defendant failed to comply with § 5.077, Defendant does not deny his noncompliance, but rather challenges this statute's applicability to him. Therefore, because there is no genuine issue of material fact in dispute concerning Defendant's failure to comply with § 5.077, and this statute does apply to Defendant, Plaintiff is entitled to summary judgment against Defendant awarding her liquidated damages and attorney's fees thereunder as a matter of law.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – PAGE 1 OF 7**

## II.

## EVIDENCE

A.     Defendant's Response to Plaintiff's First Requests for Admissions.

B.     Affidavit of Bobbie White.

C.     Affidavit of Tony A. Pitts.

## III.

## FACTUAL BACKGROUND

3.1     Mrs. White and her husband, George White, purchased a house from Defendant Josefino Bencomo III, located at 701 Saunders Dr., Round Rock, TX 78664 (the "House"), in November 2001.   The House was to be used as their permanent residence.   The Whites and Bencomo are not related.

3.2     The agreed upon purchase price of the House was $118,000.00.   To purchase the House, the Whites took out a mortgage with Long Beach Mortgage Company for $82,600.00, who acquired a primary purchase money mortgage lien on the House.   This mortgage and its corresponding lien was subsequently assigned to JPMorgan Chase Bank, N.A. ("Chase").   The Whites also executed a Real Estate Lien Note for $35,400.00 in favor of Bencomo, who obtained a purchase money mortgage lien on the House secondary to Chase's lien.

3.3     Bencomo conveyed the House to the Whites via Warranty Deed with Vendor's Lien, wherein he retained superior title to the House over that of the Whites until his lien was satisfied. The Whites thereafter began paying the purchase money mortgages as agreed.

3.4     Mrs. White lost her husband unexpectedly in December 2003.   Thereafter, she had considerable difficulty paying the mortgages and decided to sell the House.   Chase, however,

worked with Mrs. White to modify its mortgage loan so she and her family could afford to stay in the House. Mrs. White reached out to Bencomo to lower his interest rate as well, but he refused.

3.5     Over the years, it bothered Mrs. White that Bencomo never gave her any statements showing what she had paid on his mortgage and what she had left to pay, nor did he give her any tax statements by January 31 of each year, like those she received from Chase, showing the mortgage interest she had paid for the previous year, which she very much wanted to write off when she filed her federal income tax returns.

3.6     When Mrs. White approached Bencomo about these concerns, she found him unwilling to remedy his failure to provide her with annual statements. And in the course of her dealings with Bencomo on this issue, it appeared to Mrs. White that Bencomo was using the House on his own taxes for improper purposes. At this point, Mrs. White had made at least 72 monthly payments to Bencomo. But, given his refusal to account for her payments and seemingly shady accounting with respect to the House, she stopped making payments to him in 2008.

**IV.**

**ARGUMENTS AND AUTHORITIES**

A.      **Standard of Proof.**

Summary judgment may be obtained under Rule 166a of the Texas Rules of Civil Procedure if the movant shows that there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law. National Cas. Co. v. Lane Exp., Inc., 998 S.W.2d 256, 259 (Tex. App.—Dallas 1999). After the movant produces evidence entitling it to summary judgment, the burden then shifts to the nonmovant to produce evidence that would preclude summary judgment or raise a fact issue. Coats v. Ruiz, 198 S.W.3d 863, 878 (Tex.App.—Dallas 2006, no writ). The summary judgment rule is intended to dispose of a matter that involves only a question

of law, not to deprive a litigant of the right to a hearing on any real fact issue. <u>Jones, Day, Reavis & Pogue v. Aetna Life Ins. Co.</u>, No. 05-96-01565-CV, 1998 WL 401714, at *1, *2 (Tex. App.—Dallas July 20, 1998).

**B.    Defendant Has Admitted Noncompliance with Tex. Prop. Code § 5.077.**

4.1    Plaintiff served upon the Defendant requests for admission pursuant to T.R.C.P. 198. Defendant's responses to these Requests for Admission are attached hereto as Exhibit "A." In his responses, Defendant admits that he did not provide Plaintiff with an annual statement of her account with him from 2002 – 2012. And, in fact, Defendant has never provided Plaintiff with an annual statement of her account (*See* Exhibit "B," attached hereto). Therefore, there is no genuine issue of material fact in dispute concerning Defendant's failure to comply with § 5.077.

**C.    Tex. Prop. Code § 5.077 Does Apply to Defendant's Transaction with the Plaintiff.**

4.2    Tex. Prop. Code § 5.077 is contained within Subchapter D of the Texas Property Code, which applies to situations where an owner enters into an executory contract to finance, in whole or in part, a buyer's purchase of real property to be used as the buyer's residence. *See* Tex. Prop. Code § 5.061(a). Subsections (b)-(f) of § 5.061 exempt or limit the applicability of the Subchapter D for certain executory contracts. *See* Tex. Prop. Code § 5.061(b)-(f).

4.3    There is no dispute amongst the parties that the House is real property and that Defendant, who was the owner of the House, sold it to Plaintiff for use as her residence, and that they are not related. There is also no dispute amongst the parties that Defendant obtained from Plaintiff a Real Estate Lien Note that was to be paid in installments over a 15-year period (the "Note") and a Deed of Trust to secure the Note against the House. Furthermore, there is no dispute amongst the parties that Defendant conveyed the House to Plaintiff via a Warranty Deed with Vendor's Lien wherein he retained superior title to the House until the Note was satisfied.

4.4    None of the situations or circumstances exempted, or for which applicability of Subchapter D is limited, under §5.061 pertain to the arrangement between the parties in this cause as enunciated above.  In fact, their transaction falls squarely within that contemplated by Tex. Prop. Code § 5.061(a).  *See Shook v. Walden*, 368 S.W.3d 604 (Tex.App.—Austin 2012, writ denied) (legislature contemplated "executory contract" to be where a purchaser satisfies a serious of obligations over an extended period of time before seller is obligated to transfer title); *see also Zapata v. Torres*, 464 S.W.2d 926, 928 (Tex.App.—Dallas 1971, no writ) (long been established that seller's reservation of a vendor's lien retaining superior title in his deed renders the contract executory).  Therefore, the entirety of Subchapter D applies to their transaction.

**D.    Plaintiff is Entitled to Liquidated Damages Under Tex. Prop. Code § 5.077.**

4.5    Tex. Prop. Code § 5.077 mandates that a seller provide a purchaser with an annual statement by January 31st of each year of the executory contract that details: 1) the amount paid under the contract; 2) the remaining amount owed under the contract; 3) the number of payments remaining under the contract; 4) the amounts paid to taxing authorities on the purchaser's behalf if collected by the seller; 5) the amount paid to insure the property on purchaser's behalf if collected by the seller; 6) if the property has been damaged and the seller has received insurance proceeds, an accounting of the proceeds applied to the property; and 7) if the seller has changed insurance coverage, a legible copy of the current policy.  Tex. Prop. Code § 5.077(a)&(b).  Courts have traditionally held that a seller need not strictly comply with § 5.077, so long as they make a "good faith attempt" to do so.  *See Flores v. Millenium Interests, Ltd.*, 185 S.W.3d 427, 434 (Tex. 2005) (liquidated damages under § 5.077 not triggered "unless statement is so deficient as to be something other than a good faith attempt by seller to inform purchaser of the current status of their contractual relationship").  In the instant matter, however, Defendant has admittedly made no

attempt whatsoever to comply with § 5.077. He has never sent Plaintiff a single annual statement of her account, not even a deficient one, informing her of the status of their contractual relationship. Incidentally, Chase regularly sent Plaintiff such statements. The intended effect of § 5.077 is to hold Defendant to that same standard.

4.6     A seller who conducts less than two sales transactions in a 12-month period and who fails to provide the purchaser with annual statements as required by § 5.077(a) is liable to the purchaser for: 1) liquidated damages in the amount of $100 for each annual statement the seller failed to provide; and 2) reasonable attorney's fees. Tex. Prop. Code § 5.077(c). Defendant denies conducting more than two sales transactions in the 12-month period before or after he sold the House to Plaintiff, and Plaintiff has adduced no evidence indicating that Defendant engaged in two or more sales transactions. Therefore, because Defendant has not provided Plaintiff with a single annual statement for the last 13 years of their executory contract, he is liable to her for $1,300.00, plus reasonable attorney's fees.

## V.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bobbie White respectfully requests that the Court grant her the following relief:

a.     liquidated damages as provided by Tex. Prop. Code § 5.077;

b.     costs of court and reasonable and necessary attorney's fees; and

c.     such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

LAW OFFICE OF TONY A. PITTS

*/s/ Tony Pitts*

By: _____

Tony Pitts
State Bar No. 24060429

P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355 (Fax)

ATTORNEY FOR PLAINTIFF,
BOBBIE WHITE

## NOTICE OF HEARING

Please take note that this motion has been set for hearing on August 12, 2014, at 1:30 p.m., before the 26th Judicial District Court of Williamson County, Texas.

*/s/ Tony Pitts*

_____
Tony Pitts

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of July 2014, a true and correct copy of the foregoing document was delivered via facsimile to the following counsel of record:

Fred Walker
Kimberly Nash
Fred E. Walker, P.C.
609 Castle Ridge Road, Ste. 220
Austin, TX 78746
512.330.1686 (Fax)
*Attorneys for Defendant*

*/s/ Tony Pitts*

_____
Tony Pitts

NO. 14-0374-C26

| | | |
|---|---|---|
| BOBBIE WHITE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| JOSEFINO BENCOMO III | § | |
| Defendant. | § | OF WILLIAMSON COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

TO: Bobbie White, Plaintiff, by and through Plaintiff's attorney of record, Tony A. Pitts

NOW COMES Josefino Bencomo III, Defendant, and responds to the Requests for Admissions propounded by Bobbie White pursuant to Rule 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

FRED E. WALKER, P.C.

By: _____

Fred E. Walker
Texas Bar No. 20700400
609 Castle Ridge Road, Suite 220
Austin, TX 78746
Tel. (512) 330-9977
Fax. (512) 330-1686
Attorney for Defendant
Josefino Bencomo III

EXHIBIT A

## CERTIFICATE OF SERVICE

I certify that on ~~May~~ June 9 , 2014 a true and correct copy of Defendant's Response to Requests for Admissions was served by fax on Tony A. Pitts at 512-244-4355.

_Fred E. Walker_

Fred E. Walker

EXHIBIT A 2 of 4

## RESPONSES TO REQUESTS FOR ADMISSIONS

1. Admit or deny that YOU are in the business of flipping residential properties for profit.

RESPONSE: DENIED

2. Admit or deny that the PROPERTY was sold to my client in the course of YOUR business of FLIPPING residential properties for profit.

RESPONSE: DENIED

3. Admit or deny that YOU FLIPPED 2 or more properties and 2000.

RESPONSE: DENIED

4. Admit or deny that YOU FLIPPED 2 or more properties and 2001.

RESPONSE: DENIED

5. Admit or deny that YOU FLIPPED 2 or more properties and 2002.

RESPONSE: DENIED

6. Admit or deny that YOU have not provided Plaintiff with a statement showing what she has paid YOU thus far and what she has left to pay on her mortgage with YOU since January 2002.

RESPONSE: DENIED

7. Admit or deny that YOU did not provide Plaintiff with an annual statement of her account with YOU in 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, or 2012.

RESPONSE: ADMITTED

8. Admit or deny that YOU refused one or more of Plaintiffs' request for a

EXHIBIT A

statement of her account with YOU.

RESPONSE: DENIED

## VERIFICATION

STATE OF TEXAS                    §
                                  §
COUNTY OF EL PASO                 §

BEFORE ME, the undersigned authority, personally appeared Josefino Bencomo III, who stated, upon oath, that the statements made in the foregoing instrument are true and correct.

_____
Josefino Bencomo III


SUBSCRIBED AND SWORN TO BEFORE ME on ~~May~~ June 9, 2014, by Josefino Bencomo III.

ROXANNA C. SCHWARZKOPF
My Commission Expires
May 02, 2016

_____
Notary Public, State of Texas

EXHIBIT A
4 of 4

| | | |
|---|---|---|
| BOBBIE WHITE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| JOSEFINO BENCOMO III, | § | |
| | § | |
| Defendant. | § | WILLIAMSON COUNTY, TEXAS |

## AFFIDAVIT OF BOBBIE WHITE

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF WILLIAMSON | § |

Before me, the undersigned authority, this day appeared Bobbie White, affiant herein, and on her oath stated as follows:

"My name is Bobbie White. I am over eighteen (18) years of age and am of sound mind. I am in all ways competent to make this affidavit, which is based upon my personal knowledge. I hereby affirm that all of the facts stated herein are true and correct.

1.      I am the Plaintiff in the above-captioned cause. I have read Plaintiff's Motion for Summary Judgment and hereby verify that the factual allegations contained therein are true and correct to the best of my knowledge.

2.      I further state and depose that Defendant Josefino Bencomo III has never provided to me an annual statement of my account with him to show me how much I have paid to him, how much I had left to pay, and how many payments I had remaining under our contractual agreement. Mr. Bencomo has also never given me a tax statement that I could use to write off the mortgage interest that I have paid to him, despite many requests that I have made to him for one."

Further affiant saith not.

Signed: _Bobbie White_____
          Bobbie White

SUSCRIBED AND SWORN TO BEFORE ME by Bobbie White on this the __18th__ day of July 2014, to certify which witness my hand and seal of office.



TONY PITTS
My Commission Expires
June 09, 2018

_____
Notary Public, in and for the State of Texas

**AFFIDAVIT OF BOBBIE WHITE - PAGE 1 OF 1**

EXHIBIT B

CAUSE NO. 14-0374-C26

| | | |
|---|---|---|
| BOBBIE WHITE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| JOSEFINO BENCOMO III, | § | |
| | § | |
| Defendant. | § | WILLIAMSON COUNTY, TEXAS |

## AFFIDAVIT OF TONY A. PITTS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF WILLIAMSON | § |

Before me, the undersigned authority, this day appeared Tony Pitts, affiant herein, and on his oath stated as follows:

"My name is Tony Pitts. I am over eighteen (18) years of age and am of sound mind. I have never been convicted of a felony or a crime involving moral turpitude. I am in all ways competent to make this affidavit, which is based upon my personal knowledge. I hereby affirm that all of the facts contained herein are true.

1.      I am an attorney, licensed by the State of Texas, where I maintain an office in Round Rock, Texas, as a solo practitioner in the areas of civil litigation and probate law. I typically charge $200.00 per hour for my services, which is commensurate with the fees customarily charged by an attorney in the community with my time, talent, and experience. Bobbie White retained me at this rate to pursue her claims against Josefino Bencomo III.

2.      Bobbie White has incurred $2,600.00 in attorney's fees and expenses to have me: 1) file suit against Josefino Bencomo III for liquidated damages under Tex. Prop. Code § 5.077; 2) research and file her motion for summary judgment concerning the same; and 3) undertake other legal tasks related to enforcement of this claim. Said fees and expenses were reasonably and necessarily incurred given the complexity of the issues and Defendant's resistance to being found liable for these damages. My client is expected to incur another $1,000.00 in attorney's fees for my time spent to prepare for and attend the hearing on her Motion for Summary Judgment and respond to and argue against Defendant's opposing summary judgment motion.

3.      I have reviewed Plaintiff's Motion for Summary Judgment and hereby certify that attached to Plaintiff's Motion as Exhibit "A" is a true and correct copy of Defendant's Response to Plaintiff's Requests for Admission as served upon the Plaintiff on June 9, 2014, via facsimile."

Further affiant saith not.

**AFFIDAVIT OF TONY A. PITTS - PAGE 1 OF 2**

EXHIBIT _C_

Signed: _____

Tony Pitts

SUSCRIBED AND SWORN TO BEFORE ME by Tony Pitts on this the 18th day of July, 2014, to certify which witness my hand and seal of office.

Notary Public, in and for the State of Texas

**AFFIDAVIT OF TONY A. PITTS - PAGE 2 OF 2**

# EXHIBIT G

*NO. 03-14-00812-CV*

REPORTER'S RECORD

VOLUME 2 OF 4 VOLUMES
TRIAL COURT CAUSE NO. 14-0374-C26

| | | |
|---|---|---|
| BOBBIE WHITE | ) | IN THE DISTRICT COURT |
| | ) | |
| vs. | ) | WILLIAMSON COUNTY, TEXAS |
| | ) | |
| JOSEFINO BENCOMO, III | ) | 26TH JUDICIAL DISTRICT |

_____

**HEARING ON MOTIONS FOR SUMMARY JUDGMENT**
_____

On the 12th day of August, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Billy Ray Stubblefield, Judge Presiding, held in Georgetown, Williamson County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**


MR. TONY A. PITTS  SBOT NO. 24060429
Law Office of Tony A. Pitts
PO Box 5369
Round Rock, Texas  78683
Telephone:  (512)825-5545
Fax:  (512)244-4355
Attorney for Plaintiff


MR. FRED E. WALKER, PC  SBOT NO. 20700400
Fred E. Walker, PC
609 Castle Ridge Road, Ste. 220
Austin, Texas  78746
Telephone:  (512)330-9977
Fax:  (512)330-1686
Attorney for Defendant

I N D E X

VOLUME 2

HEARING ON MOTIONS FOR SUMMARY JUDGMENT

                                                    Page    Vol

AUGUST 12, 2014

Announcements                                          4       2

Mr. Walker's Argument                                  4       4
Mr. Pitt's Argument                                   10       4
Mr. Walker's Response                                 16       4
Mr. Pitt's Response                                   20       4

Court Reporter's Certificate                          29       4

PROCEEDINGS - AUGUST 12, 2014

THE COURT: 14-0374, Bobby White versus Josephino Bencomo, III. And announcements, please.

MR. PITTS: Tony Pitts for the Plaintiff, Bobby White.

MR. WALKER: Fred Walker for Josephino Bencomo, Defendant, Your Honor.

THE COURT: And this is Hearing on a Motion for Summary Judgment. Correct?

MR. PITTS: Yes. We each have motions for summary judgment.

THE COURT: Dueling motions for summary judgment. And all prerequisites of law have been met, the necessary time has elapsed?

MR. PITTS: Yes, Your Honor.

MR. WALKER: Yes, Your Honor.

THE COURT: Good. Who filed first?

MR. WALKER: I filed first, Your Honor. But if Mr. Pitts would like to go first because he's Plaintiff, that would be fine with me.

MR. PITTS: There was no response to mine, so -- we can let him go first and I can address the issues he raises.

MR. WALKER: We have no disputes, Your Honor, to the facts that are set forth in Mr. Pitts' Motion

for Summary Judgment.

This is a real simple question, Your Honor. The case that needs to be determined is whether a note with a deed of trust is subject to Chapter 5, subchapter D of the Texas Property Code that deals with executory contracts.

Mr. Pitts argues that the deed of trust is an executory contract and, as a basis for that, he relies upon a line of cases that actually do say that. They say that deeds of trust are executory contracts because if you've got a vendor's lien that is retained in the deed, that although the purchaser of the property has the legal title to the property, that equitable ownership doesn't pass until the final payment is made and the deed of trust is released.

So the question for this Court to determine is whether the term "executory contract" in the Property Code, subchapter D, applies to these types of transactions. And I think that the legislative history is clear, the case law is clear, that this does not apply. This particular subchapter of the Property Code was originally implemented by the Legislature because of a problem that they were having along the border with the colonias. Contracts for deed, of course, are different from real estate transactions where you've got the title to the property

versions of the provisions that had applied only in certain economically distressed counties. The revised provisions are in subchapter D of Chapter 5 of the Texas Property Code.

So the Attorney General's Office recognizes that the type of contracts -- the type of executory contracts that are intended to be regulated by subchapter D are contracts for deed.

And there are many cases in the response that I filed this morning to the Defendant's -- to the Plaintiff's Response to our Motion for Summary Judgment that kind of goes through that, so I won't take the Court's time because I know that you had a very lengthy hearing. But if subchapter D applies to a note with a deed of trust, how are we to foreclose on this property? Do we foreclose under the deed of trust, or do we foreclose under subchapter D? And what effect would that have on real estate transactions throughout the State?

I have nothing further, Your Honor.

THE COURT: Mr. Pitts, if you will pardon me just a moment.

MR. WALKER: Your Honor, if I might add one thing. Mr. Pitts is correct, we didn't file a Response to their Motion for Summary Judgment. I don't contest any of the facts that they've brought up. If, in fact, this Court

rules that -- that Chapter 5 of the Texas Property Code applies to this transaction, his calculations are correct and I don't have any objection to the amount of the fees that he's asking for.

THE COURT: I'm sorry.

Go ahead.

MR. PITTS: Thank you, Your Honor.

There is -- there is some terminology, I think, that Mr. Walker's used to describe what we're asking for and what we're seeking. We have to clarify the terms. We're not actually saying that the deed of trust is what makes this an executory conveyance because the deed of trust doesn't do that. Deed of trust is what you find in conventional mortgages where you have a bank who has financed the purchase between a buyer and a seller. The buyer will generally convey the property to the bank by -- in trust or to -- excuse me -- to the trustee that the bank selects in trust, and that's what you have as your deed of trust.

What makes this particular conveyance an executory conveyance is the warranty deed and vendor's lien, because what that does is it sets up obligations from the buyer over a period of time, making installment payments, before actual title is transferred to the buyer. Now, Mr. Walker has said that the transfer, the title

# EXHIBIT H

CAUSE NO. 14-0374-C26

| | | |
|---|---|---|
| BOBBIE WHITE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 26TH JUDICIAL DISTRICT |
| | § | |
| JOSEFINO BENCOMO III, | § | |
| | § | |
| Defendant. | § | WILLIAMSON COUNTY, TEXAS |

## MOTION FOR RECONSIDERATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, in the above-captioned cause, Bobbie White, Plaintiff herein, who files this Motion for Reconsideration, and would respectfully show the Court as follows:

### I.

### PROCEDURAL HISTORY

1.1     The Court heard argument from both parties on their respective motions for summary judgment on August 12, 2014.

1.2     The Court advised the parties of its ruling in favor of Defendant via teleconference on August 15, 2014.

1.3     An order for Final Summary Judgment has not yet been entered by the Court.

### II.

### SUMMARY

During the hearing on their respective summary judgment motions, the Parties mutually agreed that there were no material facts in dispute that would preclude summary judgment in this cause and that their respective arguments against one another were purely legal. Plaintiff established that the real estate transaction that took place between the Parties had all the

**MOTION FOR RECONSIDERATION – PAGE 1 OF 8**

characteristics of an executory contract for conveyance of real property as defined under Subchapter D of the Texas Property Code, and Defendant conceded as much. Defendant, however, argued that because a Warranty Deed with Vendor's Lien in favor of the Plaintiff had been executed, which gave Plaintiff actual title to the subject property subject to a Deed of Trust, the transaction was no longer executory and Subchapter D did not apply. Therefore, the operative question to be answered by the Court was whether or not a Warranty Deed with Vendor's Lien wherein superior title to the subject property has been retained, coupled with a Deed of Trust, caused an executory contract for conveyance of real property to no longer be executory. Ultimately, the Court ruled that a Warranty Deed with Vendor's Lien and Deed of Trust did operate to make the contract no longer executory. Plaintiff contends that the Court's ruling in this regard is erroneous, unsupported by the law, and threatening of the important policy considerations underlying Subchapter D. Plaintiff respectfully requests that the Court reconsider and reverse its ruling, and find favor of Plaintiff.

**III.**

**ARGUMENTS AND AUTHORITIES**

A.    **The Warranty Deed With Vendor's Lien Renders the Contract Executory.**

The Parties do not dispute that Subchapter D applies to contracts for deed, which are clearly executory contracts for conveyance of real property to which Subchapter D was meant to apply. However, a warranty deed with vendor's lien, wherein superior title to the property is retained, has the same legal effect as a contract for deed. *See Norton v. Norton*, No. 07-08-0469-CV, at *4 (Tex.App.—Amarillo 2010, mem. op.). Moreover, a warranty deed with vendor's lien has for decades been recognized in Texas jurisprudence as an executory sale of real property where title remains in the seller. *Cowden v. Bell*, 293 S.W.2d 611, 614 (Tex.App.—San Antonio

1956), aff'd 300 S.W.2d 286 (Tex. 1957) (reservation of express vendor's lien is an executory sale with title still in vendor); *Zapata v. Torres*, 464 S.W.2d 926, 928 (Tex.App.—Dallas 1971, no writ) (where vendor reserves lien in deed, contract is executory and superior title remains in vendor); *Walton v. First Nat'l Bank of Trenton*, 956 S.W.2d 647, 651 (Tex.App.—Texarkana 1997, writ denied) (superior title is held by vendor with express lien and vendee has mere equitable right to acquire title by carrying out the agreement).  Therefore, Defendant's argument that actual title was conveyed to Plaintiff by and through his Warranty Deed With Vendor's Lien is unsupported at law.  Rather, the law would clearly find that Defendant retained title to the property without obligation of transference until such time as the note secured by Defendant's lien was fully repaid in installments over a number of years.  This is the very definition of an executory contract for conveyance of real property as used by the legislature in Subchapter D of the Texas Property Code.  *Shook v. Walden*, 368 S.W.3d 604, 624 (Tex.App.—Austin 2012, writ denied) (legislature contemplated "executory contract" to be synonymous with contract for deed, where a purchaser satisfies a series of obligations over an extended period of time before seller is obligated to transfer title).  Therefore, the real estate transaction between the Parties was unquestionably executory and Subchapter D should apply, as the requisites for applicability under Tex. Prop. Code § 5.061 are all met.

**B.    The Deed of Trust In This Cause Does Not Cure the Transaction of Being Executory.**

Defendant attempts to make the fact that there exists a Deed of Trust between the Parties somehow establish that they have conventional mortgage relationship, not an executory one.  This is erroneous for two primary reasons:  1) the Deed of Trust fails to make the transaction not executory, because title has still not been conveyed; and 2) almost none of the protections found in a conventional mortgage relationship exist in the relationship between the Parties.  "*Black's Law*

*Dictionary* defines deed of trust as '[a] deed conveying title to real property to a trustee as security until a grantor repays a loan,' and it goes on to remark, 'This type of deed resembles a mortgage.'" *Riner v. Newman*, 353 S.W.3d 312, 318 (Tex.App.—Dallas 2011, no writ). Texas courts have described a deed of trust more simply as "a mortgage with power to sell on default." *Id.* A deed of trust empowers the one to whom the property is conveyed in trust to sell and convey the property in a foreclosure sale if the grantor defaults. *Id.* at 319. Deeds of trust were commonly found in conventional mortgage transactions, where the seller conveyed full title of a subject property to the buyer and the buyer, in turn, conveyed said interest to a trustee, in trust, to secure its loan to the lender. Deeds of trust enabled mortgagees to foreclose by nonjudicial means upon mortgaged property and sell it at auction if the mortgagor defaulted on the underlying loan. Deeds of trust, therefore, contemplate that the buyer is encumbering full title to the subject property, with nothing remaining in the seller. Indeed, the conveyance of full title to the property from a seller to a purchaser, subject to a deed of trust, is a condition precedent of Tex. Prop. Code § 5.081's provision that an executory contract can be converted in such a way that it is no longer executory. However, where a vendor retains superior title until the debt is paid and actual title is not conveyed to the purchaser, whom cannot therefore encumber the same in a deed of trust, the contract remains incomplete and executory. *See* Tex. Prop. Code § 5.081.

Secondly, in the conventional mortgage industry, the lender was usually a financial institution, such as a bank. Such institutions typically provide their mortgagors with monthly accounting of the status of their loan and, in some cases, even offer deferments. Mortgage assistance and modification programs are also available through banks. Mortgagors participating in this system are generally always aware of the current status of their contractual relationship with their lending institution. Conversely, Defendant admits that he never provided Plaintiff with

any accounting of the payments she made to him over the first seven (7) years after she purchased the property, despite her repeated requests for accountings. Moreover, after she stopped paying him because he refused to give her any accounting, she heard nothing from him for another five (5) years before he finally made demand and sought to foreclose on the property. Hence, for the majority of its existence, Plaintiff has been unaware of the status of her contractual relationship with the Defendant. And Defendant is essentially arguing that it is a just result that Plaintiff have fewer rights than those accorded to persons protected under Subchapter D of the Texas Property Code, who are entitled to annual accounting of the status of their account, when that statute was enacted to institute in owner-financing arrangements some of the protections found in the conventional mortgage industry. Indeed, the only thing conventional about the transaction between Plaintiff and Defendant is that it reflects the type of executory contract for conveyance Subchapter D was designed to cover.

**C.      Defendant's Interpretation of Subchapter D Undermines Its Purpose.**

The legislative intent of Subchapter D is to provide the similar protections and disclosures in owner-financing scenarios as those found in the conventional mortgage industry. Defendant does well in exploring what gave rise to Subchapter D, while missing entirely its purpose. Recognizing the abuses taking place in the owner-financing industry, particularly in Las Colinas, the Texas Legislature, in enacting Subchapter D, determined to hold owner-sellers to something akin to the standards enjoyed by those in the traditional mortgage industry. It granted those buyers in owner-financing situations the right to notice and an opportunity to cure any default (§§ 5.063-65), equity protection (§ 5.066), disclosures from the seller (§ 5.069), and annual statements of account (§ 5.077); items already enjoyed by their convential mortgage counterparts. If owner-sellers could avoid applicability of Subchapter D by simply having buyers execute a real estate

lien note and deed of trust, while still not conveying actual title, the whole purpose of the statute could be easily avoided and Subchapter D rendered meaningless. A court should not adopt a construction of a statutory provision that renders it meaningless. *See Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 325 S.W.3d 265, 270 (Tex.App.—Houston [14th Dist.] 2011, pet. dismissed). Therefore, by espousing that Subchapter D does not apply to transactions involving real estate lien notes secured by deeds of trust, where title is still withheld pending satisfaction of a series of obligations over an extended period of time, Defendant is arguing for a loophole that the statute does not, and this Court should not, recognize.

**D. The Court Ordered Relief Not Requested in Defendant's Motion.**

Plaintiff hereby objects to the Court's ruling to the extent that it grants relief to Defendant that was not requested in his Motion for Summary Judgment on Pleadings. A summary judgment on a claim not addressed in the motion is generally reversible error. *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Specifically, the Court ordered that the Notice of Lis Pendens that Plaintiff filed during the pendency of this action is void and of no effect. A finding for this relief was not requested in Defendant's Motion and should not have been issued by the Court. Plaintiff therefore requests that the Court vacate this portion of its order.

**IV.**

**CONCLUSION**

Subchapter D of the Texas Property Code clearly applies to Defendant's real property transaction with Plaintiff, because it was executory, since title to the property was withheld pending fulfillment of the installment payments due on the note. Defendant must therefore comply with Subchapter D as it pertains to the giving of notice and an opportunity to cure found under §§ 5.063-5.066, as well as the giving of annual statements found under § 5.077.

Defendant's failure to comply with these statutory provisions entitles Plaintiff to the relief requested in Plaintiff's Original Petition and Plaintiff's Motion for Summary Judgment. It was error for the Court to grant Defendant's Motion for Summary Judgment on Pleadings, which should have been denied. Instead, Plaintiff's Motion for Summary Judgment should have been granted. Plaintiff respectfully requests that the Court reconsider and amend its ruling as requested.

**V.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bobbie White respectfully requests that the Court grant her the following relief:

a.      reconsideration of its ruling of August 15, 2014;

b.      denial of Defendant's Motion for Summary Judgment on Pleadings, in its entirety;

c.      granting of Plaintiff's Motion for Summary Judgment, in its entirety; and

d.      such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

LAW OFFICE OF TONY A. PITTS

*/s/ Tony Pitts*

By:      _____
Tony Pitts
State Bar No. 24060429

P.O. Box 5369
Round Rock, TX 78683
512.825.5545
512.244.4355 (Fax)
tapitts@taplawfirm.com

ATTORNEY FOR PLAINTIFF,
BOBBIE WHITE

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of September 2014, a true and correct copy of the foregoing document was delivered via facsimile to the following counsel of record:

Fred Walker
Kimberly Nash
Fred E. Walker, P.C.
609 Castle Ridge Road, Ste. 220
Austin, TX 78746
512.330.1686 (Fax)
*Attorneys for Defendant*

*/s/ Tony Pitts*

_____
Tony Pitts